THE PRUDENTIAL INSURANCE COMPANY of America, Appellant, v. GEORGE H. MATHIS et al., Appellees.

No. 44239.

JANUARY 10, 1939.

White & White, Harold M. Peyton, and Clinton B. Nasby, for appellant.

Dalton & Dalton, for appellee.

MITCHELL, C. J.—The Prudential Insurance Company commenced this action on or about the 27th day of April, 1937, alleging that on or about the 16th day of January, 1925, George H. Mathis and Marcella Mathis, husband and wife, gave the Insurance Company their promissory note for $9,000, secured by a mortgage on certain real estate in Shelby County; thereafter, upon application of the mortgagors the indebtedness was extended; that mortgagors failed to pay the interest due the 2d

day of January, 1935, and the Insurance Company accepted their note in the amount of $700, payable on January 1, 1936, for the amount then in arrear. The petition prayed for judgment in the sum of $9,276.75, with interest thereon from January 1, 1935, together with costs, and for the taxes advanced by the Insurance Company for the year 1936. To this petition was filed an application for continuance by Alta Johnson, who secured title by a deed from her father and mother, George and Marcella Mathis, on June 1, 1936. There was a hearing, and the court granted the continuance. The Insurance Company has appealed.

The record in this case shows the land involved consists of approximately 112 acres. At the time the action was commenced the interest and taxes were in default from January 1, 1935. The motion for continuance is by Alta Johnson, who is the daughter of the original mortgagors, George and Marcella Mathis. She secured title by deed from her father and mother on June 1, 1936. The land is rented to her brother-in-law, who paid no rent for the year 1936, being the year prior to the commencement of this foreclosure action. Unfortunately this land is located in that part of Iowa that has suffered from lack of moisture.

Alta Johnson was called as a witness. She was living on another farm which her husband owned, consisting of 235 acres, which was encumbered in the amount of $14,000. She had no property of her own. She collected no rent from the piece of land involved in this case, and had commenced no action to recover any. The land was rented to her brother-in-law.

This court in the case of John Hancock Mutual Life Insurance Company v. Schlosser, 222 Iowa 447, 269 N. W. 435, speaking thru Justice Parsons, said at pages 449, 450, 269 N. W. at page 436:

"The question arises, whether or not this whole record shows that there is no reasonable expectation that the purposes of the act will be accomplished by granting a continuance. In Federal Land Bank v. Wilmarth, 218 Iowa 339, at page 354, 252 N. W. 507, 514, 94 A. L. R. 1338, this court said:

" 'The purpose of the statute is to afford the owner of the land an opportunity to refinance or pay up the indebtedness and save his farm within the moratorium period. But the

appellant, as already indicated, will not be in a position to pay the obligation and redeem the farm within the period of the moratorium. He is hopelessly involved financially. Not only is the appellant insolvent, but he had no property with which to make any payment on the judgment aside from the mortgaged land. While the insolvency is not the deciding point, it is a material consideration. Clearly the appellant has no prospect of refinancing or funding the indebtedness within the moratorium period.' ''

Further in the opinion we read:

''While it is true that, technically, insolvency is not proven as such, yet the record conclusively shows the facts we have herein set out. Of course, there is always a possibility of something happening. It is possible that a gold mine might be discovered on these premises, and there is about as much possibility of that happening, as that the premises may, within the period contemplated by the law, be sold for enough to clean up everything against it and let the plaintiff out whole. But that is such a remote contingency as not to justify the court in further delaying this case.''

And so in the case at bar the present title holder has no property. The encumbrance is increasing each year. There is little, if any, income from the land. Unfortunately the record clearly demonstrates that she will not be able to redeem. No possible good could be accomplished by continuing this case.

It necessarily follows that the lower court was in error in continuing the cause, and the case must be, and it is hereby, reversed.—Reversed.

HAMILTON, SAGER, BLISS, HALE, MILLER, and OLIVER, JJ., concur.